## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tiffany Delaney,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BC Services, Inc. d/b/a Boettcher & Associates, Inc., and Experian Information Solutions, Inc.<br><br>　　　　Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT AND DEMAND FOR**<br><br>**JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Tiffany Delaney, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA").

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

5. Plaintiff Tiffany Delaney (hereinafter "Plaintiff") is a natural person residing in the County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant BC Services, Inc. d/b/a Boettcher & Associates, Inc. (hereinafter "BC Services"), is a Foreign Corporation, organized under the laws of Colorado, operating from an address of: 451 - 21st Avenue, Longmont, Colorado 80501.

7. Defendant BC Services is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant BC Services conducts business in Minnesota, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

9. Defendant Experian Information Solutions, Inc. ("Experian"), is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

10. Plaintiff allegedly incurred a financial obligation with Xcel Energy, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

11. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

12. Upon information and belief, Plaintiff's alleged obligation to Xcel Energy went into default at some point in 2009.

13  Upon information and belief, Plaintiff made no payments on the account after May of 2009.

13. Sometime on or before July 1, 2013, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to BC Services for collection from Plaintiff.

14. In early 2015, Plaintiff became aware that BC Services was reporting the Xcel Energy account on her credit report with incorrect or missing dates.

15. On or about April 27, 2015, Plaintiff sent Experian a letter disputing the Xcel Energy account, which was being reported by BC Services.

16. Upon information and belief, Defendant Experian received Plaintiff's dispute letter and contacted Defendant BC Services via its Automated Consumer Dispute Verification form.

17. Upon information and belief, Defendant BC Services verified the incorrect account information.

18. On or about May 26, 2015, Plaintiff sent Experian a second letter disputing the Xcel Energy account, which was being reported by Defendant BC Services.

19. Upon information and belief, Defendants verified the incorrect account information.

20. On or about July 20, 2015, Plaintiff sent Experian a third letter disputing the Xcel Energy account, which was being reported by Defendant BC Services. In this

3

letter Plaintiff specifically disputed the fact that the account was being reported with no date of last activity and she demanded that it be deleted immediately.

19. On or about May 9, 2016, Plaintiff attempted to secure mortgage financing.

20. As a part of the financing process Plaintiff's credit was reviewed.

21. BC Services was reporting the Xcel Energy account as "Opened July 2013" and "Date of Status Sep 2013."

22. Fair Credit Reporting Act 15 U.S. 1681c(a) provides:

> Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information[] . . . . (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

23. Upon information and belief, Plaintiff has not made any payments on the incorrectly reported Xcel Energy account since May of 2009. Therefore, the Xcel Energy account at issue is being reported more than seven years past the date it was placed for collection.

24. Fair Credit Reporting Act 15 U.S. 1681s-2(a)(B) provides:

> A person shall not furnish information relating to a consumer to any consumer reporting agency if— (i) The person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) The information is, in fact, inaccurate.

25. Upon information and belief, Defendants BC Services and Experian were notified in the prescribed manor of Plaintiff's dispute of the inaccurate information being reported by Defendant.

26. Upon information and belief, Defendants BC Services and Experian know or should know that utility debt has a particularly negative impact on a consumer's chances of securing mortgage financing.

27. BC Services' communications with Plaintiff created misleading impression(s) as to the consequences of making a payment and the legal status of the debt thereby violating the FDCPA, 15 U.S.C. § 1692e *generally* and 15 U.S.C. 1692e(2)(A); 15 U.S.C. 1692e(6)(A)&(B); and 15 U.S.C. 1692e(10) *specifically*.

28. Plaintiff has incurred actual damages in the form of denial of credit, stress, anxiety, cluster headaches, embarrassment, diminished work performance, withdrawal from relationships, sleeplessness, as well as, other forms of emotional distress.

29. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

### Respondeat Superior Liability

30. The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

31. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

33. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby demands a trial by jury. US CONST. Amend. VII. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

35. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

36. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

37. As a result of said violations, Plaintiff has suffered actual damages in the form of stress, anxiety, cluster headaches, embarrassment, diminished work performance, withdrawal from relationships, sleeplessness, as well as, other forms of emotional

6

distress, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

38. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

39. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681e(b)

40. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

42. As a result of Experian's violations of §§ 1681e(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to credit rating(s), and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

43. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable

7

reinvestigation of Plaintiffs' dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiffs' file(s).

44. Experian's actions and omission were willful, rending them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

## COUNT III.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)

45. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46. Defendant BC Services willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of the Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

47. Defendant BC Services willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) when it furnished information to the credit reporting agencies that contained missing or inaccurate dates.

48. Defendant BC Services willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) when it received notice of Plaintiff's dispute(s) and continued to report inaccurate or missing dates.

49. As a result of said Defendant's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to

her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

50. Said Defendant's actions and omission were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

51. Plaintiff is entitled to recover costs and attorney's fees from Defendant BC Services pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory relief that Defendant BC Services' conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant BC Services;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant BC Services, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

**COUNT II & III: FCRA VIOLATIONS**

- Plaintiff's actual damages;
- Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;
- Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;
- Such other and further relief as may be just and proper.

Dated:  November 10, 2016.                    **MARSO & MICHELSON, P.A.**

                                                By:    s/Marcus J. Hinnenthal
                                                         Marcus J. Hinnenthal (#0386756)
                                                         Blake R. Bauer (#0396262)
                                                          Attorneys for the Plaintiff
                                                          3101 Irving Avenue South
                                                          Minneapolis, Minnesota 55408
                                                          Telephone: 612-821-4817